■ In the Matter of WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [744 NYS2d 543] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which dismissed petitioner's improper practice charge.

The Westchester County Health Care Corporation (hereinafter the Corporation) operates the Westchester County Medical Center (hereinafter the Hospital). Pursuant to a contract with the Corporation, the Westchester County Department of Corrections (hereinafter the County), in turn, maintains a secure 14-bed ward (hereinafter Ward 29) within the Hospital. In 1999, respondent Department of Correctional Services (hereinafter DOCS) and the County entered into an agreement providing, inter alia, that DOCS would maintain custody and control of state inmates while they were patients in Ward 29.

Petitioner, the bargaining unit representative for the correction officer employees of the County, then filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB), alleging that the County violated Civil Service Law § 209-a (1) (d) when it unilaterally assigned duties to DOCS that had been exclusive to petitioner's members. Finding that the guarding of state inmate-patients on Ward 29 is not a proper subject of collective bargaining because DOCS was required by Correction Law § 23 (2) to maintain custody and control of state inmates, PERB dismissed the charge. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner does not dispute that Correction Law § 23 (2)

permits state inmates to receive medical diagnosis and treatment in "outside hospitals" when "such outside treatment or diagnosis is necessary by reason of inadequate facilities within the institution." The statute also requires that, when admitted to "outside hospitals" for medical treatment, "[s]uch inmates shall remain under the jurisdiction and in the custody of [DOCS]" (Correction Law § 23 [2]). Petitioner contends only that PERB erred in finding Ward 29 to be part of an "outside hospital" under Correction Law § 23 (2) rather than a "local correctional facility" under Correction Law § 40. We disagree.

The definition of a "local correctional facility" as including a "hospital prison ward" (Correction Law § 40 [2]) applies only to Correction Law article 3 (see, Correction Law § 40), and not to Correction Law § 23 (2). Rather, the applicable definition of a "local correctional facility" is found in Correction Law § 2 (16) (a), which refers to "[a]ny place operated by a county." Here, Ward 29 is located within the Hospital, which qualifies as an "outside hospital" because it is a medical facility operated by the Corporation rather than the County. Indeed, the agreement between DOCS and the County confirms that Ward 29 is subject to "the Medical Staff Bylaws and the policies and procedures of [the Hospital]." As a result, PERB's determination that Ward 29 is part of an outside hospital within the meaning of Correction Law § 23 (2) is supported by substantial evidence, and its conclusion that the obligation to collectively bargain has been legislatively preempted is not arbitrary, capricious or an abuse of its discretion.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.